UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT ABERNATHY,

                    Plaintiff(s),

          v.

VALLEY MEDICAL CENTER,

                    Defendant(s).

NO. C06-01P

ORDER ON MOTIONS FOR
SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1.    Plaintiff's Motion for Partial Summary Judgment   (Dkt. No. 33)

2.    Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment   (Dkt. No. 36)

3.    Response of Scott Abernathy in Support of His Motion for Partial Summary Judgment   (Dkt. No. 41)

4.    Defendant's Motion for Partial Summary Judgment re: Damages (Dkt. No. 31)

5.    Plaintiff's Memorandum Opposing Defendant's Motion for Partial Summary Judgment re: Damages (Dkt. No. 38)

6.    Defendant's Reply re: Motion for Partial Summary Judgment re: Damages  (Dkt. No. 40)

and all exhibits and declarations attached thereto, makes the following ruling:

          IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment is DENIED.

          IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment is GRANTED; Plaintiff's damages claim shall be limited to those for which he has produced evidentiary support.

**Background**

   Plaintiff Abernathy has been deaf since birth.  On January 2, 2005, he went to Valley Medical Center (VMC) after experiencing severe abdominal pain.  Plaintiff had developed acute appendicitis the previous year, which had been addressed with appendectomy surgery at Virginia Mason Hospital in Seattle in December 2004.  Defendant speculates (and Plaintiff does not controvert) that the January 2005 abdominal pain was the result of post-operative infection; Plaintiff's complaint does not allege that VMC staff were responsible in any way for the pain which brought him to the hospital in January.

   At the VMC Emergency Room, Plaintiff requested a sign language interpreter; an interpreter arrived several hours later, was present for his ER examination, and left after Plaintiff was admitted to VMC.  The following day (January 3, 2005), VMC staff attempted to hold a surgical consultation with Plaintiff.   Plaintiff again requested a sign language interpreter.  The VMC contacted several interpreter agencies to secure a sign language interpreter; Plaintiff requested that his preferred interpreter agency (International Language Services) be contacted, and that agency advised VMC that an interpreter could be provided.

   In the interval prior to the arrival of an interpreter, the VMC staff attempted to communicate with Plaintiff through a friend who had accompanied him and using handwritten notes; they also offered him the use of a TTY telephone (a teletype device that can send or translate text messages over a phone line).  At some point, a VMC staff member (Jennifer Mylonas) was located who had some experience in sign language interpretation.  Upon locating a person whom they believed could provide interpreter services on-site, the staff contacted International Language Services and cancelled the request for an interpreter.

   Plaintiff, upon learning that Ms. Mylonas (1) was not fluent in his primary signing language (American Sign Language, or ASL) and (2) was not a certified medical sign language interpreter, indicated that she was not acceptable for the purpose intended.  After being informed that Plaintiff

**ORD ON**
**S/J MTNS - 2**

would not accept Ms. Mylonas as his interpreter, a member of the VMC staff (Nurse Swanson) re-contacted International Language Services and renewed the request for an interpreter.  She was informed that (as only a few minutes had passed since the cancellation call) there would be no delay in providing the interpreter as requested.  Swanson Decl., p. 3.

Plaintiff, who was experiencing both pain and mounting concern for his well-being, decided to check himself out of VMC.  He did so prior to the arrival of the requested interpreter and against the advice of the VMC staff.  Cindy Wilson, the woman accompanying Plaintiff, attached a letter as an exhibit to her deposition in which she stated that "[w]e called the Agency that was sending an interpreter to Valley Medical and asked that they be diverted and meet us at Virginia Mason."  Exhibit D to Declaration of Heath S. Fox.  Plaintiff then checked himself into Virginia Mason Hospital in Seattle where an interpreter was provided and his medical condition resolved.   Following his surgical procedure at Virginia Mason, Plaintiff took five days off from work on the advice of his physician.

**Standard of Review**

Summary judgment is not warranted if a material fact exists for trial.  Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.  1995).  The underlying facts are viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment will not lie if. . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the burden to show initially the absence of a genuine issue concerning any material fact.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).  This can be done be either producing evidence negating an essential element of plaintiff's claim, or by showing that plaintiff does not have enough evidence of an essential element to carry its ultimate burden at trial.  Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

1    However, once the moving party has met its initial burden, the burden shifts to the nonmoving

2    party to establish the existence of an element essential to that party's case, and on which that party will

3    bear the burden of proof at trial.  <u>Celotex Copr. v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  To

4    discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must have

5    evidence showing that there is a genuine issue for trial.  <u>Id.</u>. At 324.  In considering a motion for

6    summary judgment, however, "the court must draw all reasonable inferences in favor of the

7    nonmoving party, and it may not make credibility determinations or weigh the evidence."  <u>Anderson</u>,

8    477 U.S. at 250-51.  Additionally, "at the summary judgment stage the judge's function is not . . .  to

9    weigh the evidence . . .  but to determine whether there is a genuine issue for trial."  <u>Liberty Lobby</u>,

10   477 U.S. at 249.

11   **Discussion**

12   <u>Defendant's liability</u>

13   Alleging discrimination based on his hearing disability, Plaintiff seeks relief under both the state

14   (Washington Law Against Discrimination, or "WLAD," RCW 49.60.010 *et seq.*) and federal

15   (Americans with Disabilities, or "ADA," 42 U.S.C. 12102) laws.

16   In order to prevail on summary judgment, Plaintiff must establish that there are no disputed

17   issues of material fact concerning all the elements of a *prima facie* case for his federal and state

18   claims.  While the two statutory schemes are not identical, they do have certain elements in common.

19   Two of those elements – that Plaintiff has a disability and that Defendant is a place of public

20   accommodation – are undisputed.

21   Both WLAD and ADA also require that a defendant facility take "reasonable" (WLAD) or

22   "appropriate" (ADA) steps to accommodate a plaintiff's disability.  WAC 162-26-380(2); 28 CFR

23   §35.160.  Whether the steps taken to provide accommodations comparable to non-disabled persons

24   were reasonable is ordinarily a question of fact.  <u>Negron v. Snoqualmie Valley Hospital</u>, 86 Wn.App.

25

26   **ORD ON**
     **S/J MTNS - 4**

1   579, 586 (1997).  Plaintiff's summary judgment motion fails because there are disputed issues of

2   material fact regarding whether Defendant took "reasonable" or "appropriate" steps to secure a

3   qualified sign language interpreter for Plaintiff following his admission to VMC.

4          Plaintiff expends considerable briefing to establish that Ms. Mylonas, the VMC staff member

5   with some background in sign language interpretation, was not sufficiently qualified to meet

6   Defendant's obligation to provide an accommodation for Plaintiff's disability.  The Court does not

7   even reach that issue in denying this motion.  It is undisputed that Defendant's staff contacted the

8   interpreter service requested by Plaintiff and made arrangements for a sign language interpreter from

9   that agency.  It is undisputed that VMC cancelled that request when they discovered a staff member

10  whom they considered to be a suitable on-site replacement for the requested interpreter.

11         Plaintiff clearly did not share that belief and communicated to Defendant that their proposed

12  substitute was unacceptable.  Defendant has alleged, and Plaintiff has not controverted, that a staff

13  member  re-contacted International Language Services, withdrew the cancellation and was informed

14  that the time lapse (between the cancellation and "un-cancellation") had been so short that the agency

15  had not even processed the cancellation and would be able to provide the interpreter on the original

16  time table.  Swanson Decl., p. 3.

17         It is apparent from the parties' evidence that, from this point forward, it was Plaintiff's actions,

18  not Defendant's, that prevented the interpreter from responding to VMC's request.  It is undisputed

19  that Plaintiff checked himself out of Defendant's facility, thus rendering their request for an interpreter

20  moot.  There is further evidence, from Plaintiff's companion Ms. Wilson, that the ILS was contacted

21  (by either Plaintiff or Ms. Wilson) and the interpreter which VMC had requested was diverted to

22  Virginia Mason Hospital.  All of these facts are highly relevant on the issue of whether the steps taken

23  by Defendant were reasonable or appropriate accommodations of Plaintiff's disability under the

24

25

26  **ORD ON**
    **S/J MTNS - 5**

1  circumstances; the existence of so many disputed issues of material facts prevents the granting of

2  summary judgment as requested by Plaintiff and his motion will be DENIED.

3  Plaintiff's damages

4        Although Plaintiff's original Complaint seeks only damages for emotional distress (Complaint,

5  Relief Sought, ¶ 6), Defendant alleges that in response to a request for statement of damages, Plaintiff

6  submitted a demand for out-of-pocket medical expenses (a demand which appears to include all of his

7  appendicitis-related care in 2004 and 2005) as well as five days of lost wages.  Fox Decl., Exhibits C

8  and D.

9        Plaintiff himself has admitted that his complaint rests not on any failure of medical care, but

10 rather is "grounded on Defendant's failure to provide him with communication comparable to that

11 provided to other patients."  Pltf's Mtn for S/J, p. 5.    Plaintiff has testified that he suffers no

12 permanent or ongoing injuries as a result of Defendant's alleged actions.  Def. Exhibit A, p. 81:2-4.

13 Plaintiff has produced no medical testimony which establishes that any of his medical bills are the

14 result of any delay in obtaining interpreter services while still under the care of Defendant's staff on

15 January 3, 2005.  Similarly, there is no evidence in the record tending to establish that the five days of

16 work he missed following his medical care at Virginia Mason Hospital are attributable to that selfsame

17 delay at VMC.

18       A claim for physical injury must be supported by evidence of medical causation.  Parra v.

19 Atchison, T.&S.F. R. Co., 787 F.2d 507 (10th Cir. 1986).  Similarly, the connection between any

20 allegations of injury and a resulting loss in earning capacity must be established through medical

21 testimony.  Franklin v. Shelton, 250 F.2d 92, 97 (10th Cir. 1958).  Plaintiff has produced no evidence

22 linking the events at VMC to any of his medical procedures and the bills that resulted.  Similarly, he

23 has produced nothing which connects his loss of five days' wages to any delay he experienced

24 awaiting medical treatment at VMC; there is some suggestion in Plaintiff's pleadings that he would not

25

26 **ORD ON**
   **S/J MTNS - 6**

1   have missed the five days of work had he been operated on earlier in the day, but the purpose of

2   summary judgment is to separate out those claims for which no admissible evidence exists and those

3   which Plaintiff can support with demonstrable facts.  In the absence of that kind of support, Plaintiff is

4   not entitled to pursue the claim.

5          Additionally, Plaintiff appears to claim that certain of the expenses incurred at VMC are

6   duplicative of similar care he received (and charges he incurred) when he transferred himself to

7   Virginia Mason Hospital.  It is not enough to merely allege that he received this redundant treatment

8   and should not have to pay for it.  If he had any evidence to support this allegation, this was the time

9   to produce it.  He has failed to do so.

10          Indeed, Plaintiff's response to Defendant's motion seems to confuse his theory of the case with

11   the existence of "unresolved questions of fact."  Defendant's motion places upon Plaintiff the burden

12   of going beyond merely disputing VMC's proffered defenses to actually producing the evidence on

13   which he intends to rely for the proof of his claims and damages.  In response, Plaintiff has produced

14   little more than his opinions and theories.

15          Defendant's motion for partial summary judgment will be GRANTED and Plaintiff will be

16   precluded from claiming damages for physical injuries before or after his stay at VMC, for physical

17   pain other than that suffered while at VMC on January 3, 2005 and for economic losses including his

18   wages for the five days of work he missed following his January 3, 2005 medical procedure at Virginia

19   Mason.

20   **Conclusion**

21          Plaintiff's motion for partial summary judgment will be DENIED on the grounds that genuine

22   disputes of material fact remain concerning the nature of the accommodations offered by Defendant.

23   Defendant's motion for partial summary judgment will be GRANTED and Plaintiff will be limited to

24

25

26   **ORD ON**
    **S/J MTNS - 7**

1    seeking only those damages associated with any pain and suffering incurred at VMC on January 3,

2    2005.

3

4            The clerk is directed to provide copies of this order to all counsel of record.

5            Dated:  December _18__, 2006

6

7                                                        Marsha J. Pechman
8                                                        U.S. District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   **ORD ON**
     **S/J MTNS - 8**